UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CHRISHENDRAL C. DAVENPORT**  CIVIL ACTION

**VERSUS**  NO. 21-224-SDD-SDJ

**ZACHARY MANOR, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 28, 2025.

*(signature)*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CHRISHENDRAL C. DAVENPORT**  **CIVIL ACTION**

**VERSUS**  **NO. 21-224-SDD-SDJ**

**ZACHARY MANOR, et al.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment filed by Defendant Zachary Manor Nursing & Rehabilitation Center, LLC, on July 26, 2024 (R. Doc. 68). Plaintiff Chrishendral C. Davenport, who is proceeding *pro se* in this litigation, filed an Opposition to this Motion on July 29, 2024 (R. Doc. 69). Shortly thereafter, on August 12, 2024, Zachary Manor filed its Reply in Support of Motion for Summary Judgment (R. Doc. 72), which was followed by a Sur-Reply filed by Plaintiff on August 13, 2024 (R. Doc. 73).

Having considered the Motion, supporting memorandum, and exhibits as well as applicable legal authorities, the undersigned finds that Zachary Manor is entitled to summary judgment regarding Plaintiff's claim for FMLA interference, but not her claim for FMLA retaliation. Accordingly, it is recommended that Zachary Manor's Motion for Summary Judgment be granted in part and denied in part.

**I.    BACKGROUND**

On September 16, 2016, Plaintiff began working as a licensed practical nurse at Zachary Manor.[1] On or about May 30, 2020, Plaintiff communicated to Diatania Paul, Plaintiff's supervisor and the Director of Nursing at Zachary Manor, that she would not be coming into work

---

[1] R. Doc. 68-1 at 1.

2

because she planned to self-quarantine for 14 days.[2]  Plaintiff was concerned that she had been exposed to COVID-19 via a patient at Zachary Manor and did not want to potentially expose her mother, who suffered from some health issues, to the virus.[3]  Ms. Paul responded that, because Plaintiff has no signs or symptoms of COVID-19 and because Zachary Manor was testing all staff and residents "free of charge," Plaintiff was expected to report for her scheduled shift and that failure to do so would be considered a "No Call No Show."[4]  After her request to self-quarantine was denied, Plaintiff "requested to use FMLA."[5] Plaintiff states that she never received a response to this request.[6]  Plaintiff's employment with Zachary Manor was terminated on June 3, 2020, when she failed to report for her scheduled shift.[7]

On April 19, 2021, Plaintiff filed suit in this Court, seeking relief for alleged violations of the Family Medical Leave Act.  Plaintiff initially asserted claims for "violations [of] Section 105 of FMLA and Section 825.220 of the FMLA regulations" as well as for "FMLA retaliation."[8] Plaintiff subsequently amended her Complaint on January 28, 2022, bringing similar claims for "FMLA violation and FMLA retaliation, intentional distress, malice and direct disregard."[9]  On July 26, 2024, Zachary Manor filed the instant Motion for Summary Judgment, which Plaintiff opposed on July 29, 2024.[10]  Zachary Manor, on August 12, 2024, filed a Reply in Support of Motion for Summary Judgment, to which Plaintiff responded the following day, August 13, 2024.[11]

---

[2] *Id.* at 2; R. Doc. 68-7 at 1.
[3] *Id.*; R. Doc. 1-1 at 1.
[4] *Id.*; R. Doc. 1-1 at 2; R. Doc. 68-6.
[5] R. Doc. 32 at 3.
[6] R. Doc. 69 at 2.
[7] R. Doc. 68-6.
[8] R. Doc. 1 at 1.
[9] R. Doc. 32 at 1.
[10] R. Docs. 68, 69.
[11] R. Docs. 72, 73.

3

## II.     LAW AND ANALYSIS

### A.     Summary Judgment Standard

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323.  Stated another way, "[i]f the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by showing that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Garcia v. LVNV Funding LLC*, No. 08-514, 2009 WL 3079962, at *2 (W.D. Tex. Sep. 18, 2009).  "If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor." *Vanberge v. Haley*, No. 19-814, 2021 WL 400511, at *1 (M.D. La. Jan. 15, 2021), *report and recommendation adopted*, 2021 WL 400537 (M.D. La. Feb. 4, 2021) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The nonmoving party satisfies this burden "by submitting or referring to evidence, [which] set[s] out specific facts showing that a genuine issue exists." *Garcia*, 2009 WL 3079962, at *2.

In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party and may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*,

939 F.2d 1257, 1263 (5th Cir. 1991). If a plaintiff is proceeding *pro se*, "[t]he district court does not have a duty to search the entire record to find evidence supporting the non-movant's opposition." *Watkins v. Experian Info., Sols., Inc.*, No. 13-239, 2014 WL 12879669, at *4 (W.D. Tex. Sep. 8, 2014), *report and recommendation adopted*, 2014 WL 12879668 (W.D. Tex. Oct. 3, 2014) (citing *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)). "Rather, the non-movant must 'identify specific evidence in the record, and articulate the "precise manner" in which that evidence supports her claim.'" *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)) (modifications omitted).

### B.   Analysis

"Congress enacted the FMLA to permit eligible employees 'to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition.'" *Spears v. La. Dep't of Pub. Safety and Corrs.*, 2 F.Supp.3d 873, 877 (M.D. La. 2014) (quoting *Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008)). The FMLA prohibits an employer from interfering with, restraining, or denying the exercise or attempted exercise of an employee's right to take FMLA leave. 29 U.S.C. § 2615(a)(1).

#### 1.   FMLA Interference

Plaintiff's first claim is for an "FMLA violation."[12] Plaintiff, however, does not provide additional information as to the nature of the alleged violation of the FMLA by Zachary Manor. Based on her allegations, the Court find this claim to be one for FMLA interference and analyzes it as such below.

---

[12] R. Doc. 32 at 1.

"A *prima facie* case of FMLA interference requires an employee to show that '(1) he was an eligible employee; (2) his employer was subject to FMLA requirements; (3) he was entitled to leave; (4) he gave proper notice of his intention to take FMLA leave; and (5) his employer denied him the benefits to which he was entitled under the FMLA.'" *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 526 (5th Cir. 2021) (quoting *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017)). In its Motion for Summary Judgment, Zachary Manor argues that Plaintiff was not entitled to FMLA leave and that Plaintiff did not give Zachary Manor proper notice of her intention to take FMLA leave.

As stated above, FMLA "entitle[s] employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(2). The statute defines a "serious health condition" to mean "an illness, injury, impairment, or physical or mental condition that involves" either "inpatient care in a hospital, hospice, or residential medical care facility; or [] continuing treatment by a health care provider." 29 U.S.C. §2611(11).

Here, Plaintiff has failed to prove that her mother suffered from a serious health condition, instead merely stating her mother was "sick" with "pre-existing conditions."[13] Plaintiff, in fact, refused to provide any information about her mother's medical condition or the care Plaintiff provided to her during Plaintiff's deposition, stating at one point: "I refuse to answer health questions about my mother."[14] In addition, she provides no evidence that she "cared for" her mother. While asserting in her Amended Complaint that she is her mother's "principal caregiver,"

---

[13] R. Doc. 32 at 3.
[14] R. Doc. 68-3 at 11 (79:6-7). *See also* R. Doc. 68-3 at 9 (77:7-19), 10 (78:15-19).

when asked in her deposition to describe the care she provided her mother, she stated, "I refuse to answer that."[15]

In her Opposition, Plaintiff states that she "submitted mothers discharge summaries with all necessary information to determine FMLA rights to leave" to Zachary Manor, and for the first time discloses that "[h]igh risk means 60 y.o. 98lb smoker with cardiac issues, and morbid nosebleeds."[16] Plaintiff further asserts that Zachary Manor was aware of Plaintiff's sick mother, claiming, "[s]upervisor corresponded for weeks via text messages around 3 dr visits 1 ER Visit and several follow up appointments" and "granted plaintiff time off in the form of sick leave."[17] These assertions alone, however, are not sufficient. "[U]nsubstantiated assertions are not competent summary judgment evidence," and "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citation omitted). Plaintiff has provided no evidence, such as deposition testimony or medical records, of her mother's medical condition. As such, Plaintiff has not proven that she is entitled to FMLA benefits, and her claim for FMLA interference must fail.[18] *See Cerda v. Blue Cube Operations, L.L.C.*, 95 F.4th 996, 1001-1002 (5th Cir. 2024) (granting summary judgment on FMLA interference claim because plaintiff "did not adduce sufficient evidence of each of the elements of her FMLA interference claim"). The undersigned, therefore, recommends that Zachary Manor be granted summary judgment on this issue.

---

[15] R. Doc. 32 at 3; R. Doc. 68-3 at 10 (78:15-19).
[16] R. Doc. 69 at 2.
[17] *Id.*
[18] In its Motion for Summary Judgment, Zachary Manor also argues that Plaintiff did not provide sufficient notice of her request for FMLA leave. In light of the Court's finding that Plaintiff has failed to prove that she is entitled to FMLA benefits, such that her claim for FMLA interference fails, the Court need not reach this additional argument.

### 2.   FMLA Retaliation

Plaintiff's next claim is for retaliation under the FMLA, based on her discharge for taking leave.  In its Motion for Summary Judgment, however, Zachary Manor fails to address Plaintiff's claim for FMLA retaliation.  Rather, in its Reply, Zachary Manor asserts that Plaintiff "asserts in her opposition that she was retaliated against," and characterizes Plaintiff's FMLA retaliation claim as a "new claim."[19]  Zachary Manor then, for the first time, argues against Plaintiff's FMLA retaliation in its Reply.  The Court finds Zachary Manor's assertion that Plaintiff first raised this claim in her Opposition to be disingenuous.  In both her Initial and Amended Complaints, Plaintiff lists "FMLA retaliation" among the grounds for her case.[20]  In her Amended Complaint, she specifies: "I am asking this court to find the defendant guilty of FMLA violation and FMLA retaliation."[21] She also alleges that she "was terminated in malice and to be an example to the other staff in case they tried to request FMLA."[22]  Thus, Plaintiff made a claim for FMLA retaliation against Zachary Manor in her operative Complaint.

"Courts in the Fifth Circuit have determined that new arguments raised for the first time in a reply brief need not be considered." *Santos v. Baton Rouge Water Works Co.*, No. 18-1098, 2021 WL 1227875, at *11 n. 6 (M.D. La. Mar. 31, 2021). *See also Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008) ("[A]rguments cannot be raised for the first time in a reply brief."); *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 745 (E.D. La. 2012) ("Courts in the Fifth Circuit have found that a court need not consider new arguments raised for the first time in a summary judgment reply brief.").  Based on this clear guidance from the Fifth Circuit, Zachary Manor's argument that it is entitled to summary judgment

---

[19] R. Doc. 72 at 3.
[20] R. Doc. 1 at 1; R. Doc. 32 at 1.
[21] R. Doc. 32 at 3.
[22] *Id.*

8

on Plaintiff's FMLA retaliation claim, first raised in its Reply, is not considered here. As such, summary judgment on this claim should be denied.

### III.   CONCLUSION AND RECOMMENDATION

For the reasons set forth above,

**IT IS RECOMMENDED** that the Motion for Summary Judgment filed by Defendant Zachary Manor Nursing & Rehabilitation Center, LLC (R. Doc. 68) be **GRANTED IN PART** and **DENIED IN PART**. It is recommended that Zachary Manor's Motion for Summary Judgment be **granted** only with respect to Plaintiff's claim for FMLA interference, that Plaintiff's claim for FMLA interference be dismissed with prejudice, and that Zachary Manor's Motion for Summary Judgment be **denied** in all other respects.

Signed in Baton Rouge, Louisiana, on January 28, 2025.

*[Signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**