UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CHRISHENDRAL C. DAVENPORT**                    **CIVIL ACTION**

**VERSUS**                                        **NO. 21-224-SDD-SDJ**

**ZACHARY MANOR, et al.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within **14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 17, 2025.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**CHRISHENDRAL C. DAVENPORT**                               **CIVIL ACTION**

**VERSUS**                                                  **NO. 21-224-SDD-SDJ**

**ZACHARY MANOR, et al.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Reconsider the Denial of Zachary Manor's Motion for Summary Judgment (R. Doc. 84) by Defendant Zachary Manor Nursing and Rehabilitation Center, LLC, on June 10, 2025. Plaintiff Chrishendral C. Davenport, who is proceeding *pro se* in this litigation, filed an Opposition to this Motion on June 23, 2025 (R. Doc. 85). Shortly thereafter, on July 21, 2025, Zachary Manor, with leave of Court, filed its Reply Memorandum in Support of Motion to Reconsider (R. Doc. 89), which was followed by a "Final Response to Defendant's Reply," filed by Plaintiff on July 24, 2025 (R. Doc. 91).

Having considered the Motion, supporting memorandum, briefs of both Parties, and applicable legal authorities, the Court recommends that Zachary Manor's Motion to Reconsider the denial by this Court of summary judgment on Plaintiff's claim for FMLA retaliation be **granted**.

### I.   BACKGROUND

On September 16, 2016, Plaintiff began working as a licensed practical nurse at Zachary Manor.[1] On or about May 30, 2020, Plaintiff communicated to Diatania Paul, Plaintiff's supervisor and the Director of Nursing at Zachary Manor, that she would not be coming into work

---

[1] R. Doc. 68-1 at 1.

because she planned to self-quarantine for 14 days.[2] Plaintiff was concerned that she had been exposed to COVID-19 via a patient at Zachary Manor and did not want to potentially expose her mother, who suffered from some health issues, to the virus.[3] Ms. Paul responded that, because Plaintiff has no signs or symptoms of COVID-19 and because Zachary Manor was testing all staff and residents "free of charge," Plaintiff was expected to report for her scheduled shift and that failure to do so would be considered a "No Call No Show."[4] After her request to self-quarantine was denied, Plaintiff "requested to use FMLA."[5] Plaintiff states that she never received a response to this request.[6] Plaintiff's employment with Zachary Manor was terminated on June 3, 2020, when she failed to report for her scheduled shift.[7]

On April 19, 2021, Plaintiff filed suit in this Court, seeking relief for alleged violations of the Family Medical Leave Act. Plaintiff initially asserted claims for "violations [of] Section 105 of FMLA and Section 825.220 of the FMLA regulations" as well as for "FMLA retaliation."[8] Plaintiff subsequently amended her Complaint on January 28, 2022, bringing similar claims for "FMLA violation and FMLA retaliation, intentional distress, malice and direct disregard."[9] On July 26, 2024, Zachary Manor filed a Motion for Summary Judgment.[10] This Court, of February 18, 2025, granted Zachary Manor's Motion for Summary Judgment in part and denied it in part, granting it only with respect to Plaintiff's claim for FMLA interference, not as to Plaintiff's claim for FMLA retaliation.[11]

---

[2] *Id.* at 2; R. Doc. 68-7 at 1.
[3] *Id.*; R. Doc. 1-1 at 1.
[4] *Id.*; R. Doc. 1-1 at 2; R. Doc. 68-6.
[5] R. Doc. 32 at 3.
[6] R. Doc. 69 at 2.
[7] R. Doc. 68-6.
[8] R. Doc. 1 at 1.
[9] R. Doc. 32 at 1.
[10] R. Doc. 68.
[11] R. Docs. 78, 79.

On May 22, 2025, Zachary Manor filed a Motion to Continue the Trial and Reset Pretrial Deadlines (R. Doc. 81) in which it, *inter alia*, expressed its intention to file a motion to reconsider the partial denial of its summary judgment motion.[12] The Court, on May 27, 2025, issued an Order giving Zachary Manor 14 days to file a Motion for Reconsideration of the Court's ruling on its Motion for Summary Judgment.[13] Zachary Manor timely filed the instant Motion to Reconsider on June 10, 2025.[14] Plaintiff filed her Opposition on June 23, 2025, filed shortly thereafter by a Reply from Zachary Manor, filed with leave of Court.[15] In response, on July 24, 2025, Plaintiff filed a "Final Response to Reply in Support of Motion to Reconsider."[16]

## II.     LAW AND ANALYSIS

"Federal Rule of Civil Procedure 54(b) provides that courts may reconsider interlocutory orders or decisions." *Picard v. La. ex rel. Dep't of Justice*, 931 F. Supp. 2d 731, 741 (M.D. La. 2013). "A court retains jurisdiction over all the claims in a suit and may alter its earlier decisions until final judgment has been issued." *Id.* (citing *Livingston Down Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002)). Because final judgment has not yet been entered in this case, the instant motion is properly considered until Rule 54(b). *See Livingston Down Racing Ass'n*, 259 F. Supp. 2d at 474-75 ("Where . . . the motion to reconsider concerns only interlocutory rulings, the appropriate vehicle for making the motion is the Rule 54(b) grant of discretion to the district courts.").

---

[12] R. Doc. 81 at 3-4
[13] R. Doc. 83.
[14] R. Doc. 84.
[15] R. Docs. 85, 89.
[16] R. Doc. 91.

"District courts have considerable discretion in deciding whether to reconsider an interlocutory order." *Picard*, 931 F. Supp. 2d at 741 (citing *Kemp v. CTL Distrib., Inc.*, No. 09-1109, 2012 WL 860404, at *3 (M.D. La. Mar. 13, 2012)). "Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.'" *Id.* (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, No. 07-944, 2010 WL 2026670, at *2 (M.D. La. May 20, 2010)). "[R]ulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Id.* (quoting *State of La. v. Sprint Commc'ns Co.*, 899 F.Supp. 282, 284 (M.D. La. 1995)).

Here, Plaintiff brought claims for FMLA interference and FMLA retaliation in her Amended Complaint. As stated above, the Court granted Zachary Manor's Motion for Summary Judgment on Plaintiff's FMLA interference claim, but denied it as to Plaintiff's FMLA retaliation claim, not on the merits, but because Zachary Manor failed to address Plaintiff's FMLA retaliation claim in its Motion, instead arguing against it for the first time in the Reply.[17] However, Zachary Manor presents substantial reasons for reconsideration, namely, that because the Court already found that Plaintiff has failed to prove that she is entitled to FMLA benefits, she necessarily cannot prevail on a claim for FMLA retaliation.

The FMLA "entitle[s] employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(2). The statute defines a "serious health condition" to mean "an illness, injury, impairment, or physical or mental condition that involves" either "inpatient care in a hospital, hospice, or residential medical care facility; or [] continuing treatment by a health care

---

[17] *See* R. Doc. 78 at 8-9.

provider." 29 U.S.C. §2611(11). In ruling on Zachary Manor's Motion for Summary Judgment, the Court found that Plaintiff failed to prove that her mother suffered from a serious health condition, and thus, Plaintiff failed to prove she was entitled to FMLA benefits.[18]

A claim for FMLA retaliation often is evaluated under a version of the *McDonnell Douglas* burden-shifting framework. *Cerda v. Blue Cube Operations, L.L.C.*, 95 F.4th 996, 1002-03 (5th Cir. 2024) (citations omitted). "[O]nce the employee establishes a *prima facie* case of retaliation, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). "If the employer succeeds in doing so, the burden shifts back to the employee to show by a preponderance of the evidence that the employer's articulated reason is a pretext for discrimination." *Id.* at 332-33. However, in certain FMLA retaliatory discharge cases, some courts have applied the mixed-motive framework where discrimination was not the sole reason for discharge. Under the mixed-motive framework, "(1) the employee must make a *prima facie* case of discrimination; (2) the employer must articulate a legitimate, non-discriminatory reason for the adverse employment action; and (3) the employee must offer sufficient evidence to create a genuine issue of fact either that (a) the employer's proffered reason is a pretext for discrimination, or . . . (b) that the employer's reason, although true, is but one of the reasons for its conduct, another of which was discrimination." *Id.* at 333.

A *prima facie* showing of FMLA retaliation requires that a plaintiff show: (1) that she was protected under the FMLA; (2) that she suffered an adverse employment action; and (3) that she was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because she sought protection under the FMLA. *Campos v. Steves &*

---

[18] R. Doc. 78 at 6, 7.

*Sons, Inc.*, 10 F.4th 515, 527 (5th Cir. 2021) (citing *Mauder v. Metro. Transit Auth.*, 446 F.3d 574, 583 (5th Cir. 2006)). The third element "requires proof of a causal link." *Id.* (citing *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017)).

Here, the Court already has found that Plaintiff was not protected under the FMLA in analyzing Plaintiff's FMLA interference claim. As such, Plaintiff necessarily cannot establish that she was engaged in a protected activity. *See Harrelson v. Lufkin Indus., Inc.*, 614 F. App'x 761, 764 (5th Cir. 2015) ("Harrelson's failure to substantiate his interference claim in inconsistent with his retaliation claim under the facts of this case," and because "he was not protected by the FMLA, . . . his retaliation claim fails at the first step."). Because Plaintiff cannot prove the first element of a *prima facie* case for FMLA retaliation, Zachary Manor is entitled to summary judgment on this claim.[19]

## III. CONCLUSION AND RECOMMENDATION

For the reasons set forth above,

**IT IS RECOMMENDED** that the Motion to Reconsider the Denial of Zachary Manor's Motion for Summary Judgment (R. Doc. 84) by Defendant Zachary Manor Nursing & Rehabilitation Center, LLC, be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Court's ruling granting Defendant's Motion for Summary Judgment in part and denying it in part be **VACATED**.

---

[19] In its Motion to Reconsider, Zachary Manor also argues that Plaintiff cannot establish a genuine issue of material fact concerning pretext. However, as no burden shifting has occurred, the Court need not reach this argument here.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion for Summary Judgment (R. Doc. 68) be **GRANTED** and that all of Plaintiff's claims against Defendant be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on September 17, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**