UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISHENDRAL C. DAVENPORT

VERSUS

ZACHARY MANOR, ET AL.

CIVIL ACTION

21-224-SDD-SDJ

## RULING

This matter is before the Court on the Motion for Clarification and/or Relief Pursuant to Federal Rules 59(e) and 60(b)[1] filed by Plaintiff, Chrishendral C. Davenport ("Plaintiff"), who is proceeding *pro se*. Defendant, Zachary Manor ("Defendant") has filed an Opposition,[2] to which Plaintiff filed a Reply.[3] Plaintiff challenges the Court's Ruling[4] and Judgment of Dismissal,[5] wherein it granted Defendant's Motion for Reconsideration of the partial denial of Defendant's Motion for Summary Judgment.[6]

Plaintiff argues she is entitled to clarification/relief under Rule 59(e) based on manifest injustice. To support this argument, she presents purported facts and arguments already considered and rejected by the Court,[7] and she claims the Court dismissed her claims without explanation. Plaintiff also contends she is entitled to relief under Rule 60(b) based on newly discovered evidence and extraordinary circumstances. In support of this argument, Plaintiff claims that certain evidentiary documents purportedly sent to her Dropbox were inaccessible to her or were not part of the official record. However,

---

[1] Rec. Doc. 99.
[2] Rec. Doc. 100.
[3] Rec. Doc. 102.
[4] Rec. Doc. 95.
[5] Rec. Doc. 96.
[6] Rec. Doc. 84.
[7] *See* Rec. Docs. 93, 94.

Defendant rebuts this claim with evidence of an email exchange between defense counsel and Plaintiff dated April 22, 2024, which establishes that Plaintiff's personnel file was submitted to her Dropbox, was accessible to Plaintiff, and was in fact reviewed by Plaintiff.[8] Nevertheless, the email exchange also demonstrates that Plaintiff claimed the documents provided were not "all of it" regarding her personnel file.[9] Despite this contention back in April 2024, Plaintiff never filed a motion to compel or any other discovery motion to substantiate her claim and resolve the dispute.

Plaintiff's claim that her case was dismissed without explanation is also meritless. The Magistrate Judge's Reports and Recommendations and the undersigned's Rulings provide ample legal analysis and findings to explain the basis for the Court's decisions. Indeed, Magistrate Judge Johnson explained:

> Here, Plaintiff brought claims for FMLA interference and FMLA retaliation in her Amended Complaint. As stated above, the Court granted Zachary Manor's Motion for Summary Judgment on Plaintiff's FMLA interference claim, but denied it as to Plaintiff's FMLA retaliation claim, **not on the merits**, but because Zachary Manor failed to address Plaintiff's FMLA retaliation claim in its Motion, instead arguing against it for the first time in the Reply. However, Zachary Manor presents substantial reasons for reconsideration, namely, that because the Court already found that Plaintiff has failed to prove that she is entitled to FMLA benefits, she necessarily cannot prevail on a claim for FMLA retaliation.[10]

And prior to that finding, Magistrate Judge Johnson fully explained that Plaintiff's FMLA interference claim was subject to summary judgment dismissal based on Plaintiff's refusal to provide evidence to establish one of the *prima facie* elements to support such a claim

---

[8] Rec. Doc. 100-1.
[9] *Id.*
[10] Rec. Doc. 93, p. 5 (citing Rec. Doc. 78 at 8-9)(emphasis added).

– namely, evidence that her mother suffered from a "serious health condition" as defined by the Act.[11]

In each instance, the Court considered the motions, the record evidence, the applicable law, and conducted a *de novo* review of the Magistrate Judge's findings. Finding no error in his reasoning and analysis, the Court adopted the Reports and Recommendations of Magistrate Judge Johnson.[12] In doing so, the Court adopted Magistrate Judge Johnson's findings and conclusions as its own.

Accordingly, the Court finds Plaintiff's Motion without merit as she has not demonstrated manifest injustice, newly discovered evidence, or extraordinary circumstances that would warrant the extraordinary relief under Rules 59 and 60 of the Federal Rules of Civil Procedure. Plaintiff's Motion for Clarification and/or Relief Pursuant to Federal Rules 59(e) and 60(b)[13] is DENIED.

**ACCORDINGLY,**

Signed in Baton Rouge, Louisiana the ___ day of January, 2026.

*Shelly Dick*
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[11] Rec. Doc. 78, pp. 6-7 (footnotes omitted).
[12] Rec. Docs. 79, 95.
[13] Rec. Doc. 99.